UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

MIGUEL ORTIZ,
Movant,

-v-

UNITED STATES OF AMERICA,
Respondent.

--------------------------------------X

15Cv1419 (DLC)
11cr875 (DLC)

OPINION & ORDER

DENISE COTE, District Judge:

On February 24, 2015, Miguel Ortiz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Ortiz, who was convicted following trial, contends that his attorney failed to adequately explain the Government's plea offer to him. For the following reasons, the petition is denied.

**BACKGROUND**

On October 13, 2011, Ortiz was charged in a one-count indictment for conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). This charge arose out of the Government's evidence that six kilograms of heroin were hidden in a car battery and delivered by Ortiz to co-conspirators on January 28, 2011. At a conference on October 21, trial was scheduled for April 30, 2012.

Ortiz was represented by retained counsel ("Counsel"). Ortiz explains that he paid Counsel $10,000 in advance of trial and another $40,000 during the trial.

On April 23, 2012, the Government met with Ortiz and his Counsel for a reverse proffer and provided a summary of the evidence the Government intended to offer at trial. The Government also explained that if convicted at trial of the (b)(1)(A) offense, Ortiz faced a ten year mandatory minimum term of imprisonment and a guidelines range of 168 to 210 months' imprisonment. Due to his criminal record, Ortiz was in Criminal History Category II. The Government offered to accept a plea to the lesser included offense of conspiring to distribute 100 grams or more of heroin in violation of 21 U.S.C §§ 846 and 841(b)(1)(B). With such a plea, the mandatory minimum term of imprisonment would be five years, and the guidelines range would be 121 to 151 months' imprisonment.[1] The Government further explained that a plea agreement with these terms would reserve for the defendant the right to make arguments for a sentence as low as the five year mandatory minimum term of imprisonment. Counsel responded in his client's presence that Ortiz had no interest in pleading guilty.

[1] The difference in the guidelines range is attributable to a three-level adjustment for acceptance of responsibility.

The final pretrial conference was held on April 24. Both the defendant and Counsel attended the conference. Among other things, the Court engaged the AUSAs and Counsel in an extended colloquy about the Government's offer to Ortiz. The Government repeated the offer's description and its guidelines calculations. It reiterated that the defendant would be free to seek a non-guidelines sentence.

Counsel informed the Court that he had discussed these issues with his client "on several occasions" but had not made a recommendation to him as to whether to accept the Government's offer. According to Counsel, "I just explain all of the parameters of the possibilities of a plea and the results after trial." At the end of the conference, the Court provided Counsel with the citation to Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000), to further guide his consultations with his client.

The trial began on April 30, and the jury returned a guilty verdict on May 7. On August 9, Ortiz was sentenced principally to a term of imprisonment of 151 months. The Court determined his guidelines range to be 168 to 210 months, but sentenced him below that range for the reason that his criminal history category overstated the seriousness of his criminal record.

At the sentencing proceeding, the Court began by observing that Ortiz faced an extraordinarily long sentence; that no

safety valve adjustment was available because of his criminal history category; and that no compelling arguments for a non-guidelines sentence had been presented pursuant to § 3553(a). The Court also observed that there was overwhelming evidence that he committed the crime with which he was involved, and the circumstances of that crime suggested that he had a long relationship with a drug organization and had been entrusted with substantial responsibility by it. The Court requested Counsel to consult with the Government to determine whether an adjournment of the sentence would be appropriate. The Court wanted "to make sure that the defendant isn't seeking an adjournment and an opportunity to consult with the government in any way, shape, or form that could affect his sentence." After that consultation, Counsel advised the Court that he had spoken with the Government and his client, and there was no reason not to proceed with the sentence immediately.

Later in the proceeding, Counsel added that Ortiz

> frankly maintained his innocence from the start of this case. That's the reason he went to trial; that's the reason that the sentencing, frankly, is going forward today, even after your Honor's generous offer to adjourn the sentencing, if anything could be done. He very frankly states he doesn't know anything, he doesn't know anybody; and if he did, this would be the time to say it, because you're giving him an opportunity, and he just -- he can't help himself with something that he doesn't know…. He maintains that he was not involved at all with these charges.

The defendant declined to address the Court on his own behalf when offered an opportunity.

Ortiz appealed from his conviction. The conviction was affirmed. On February 24, 2014, the Supreme Court denied his petition for a writ of certiorari.

**DISCUSSION**

In his February 24 petition for a writ of habeas corpus, Ortiz contends that his attorney provided ineffective assistance by not fully communicating the Government's plea offer to him or explaining it in layman's terms. The law governing ineffective assistance claims is well-established:

> To prevail on a claim of ineffective assistance of counsel, a petitioner must make two showings. First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." Second, he must establish that he suffered prejudice -- in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Fulton v. Graham, --- F.3d ---, 2015 WL 5294878, at *5 (2d Cir. Sept. 11, 2015) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The law outlining an attorney's duty to communicate and advise regarding plea offers is likewise well established. The Second Circuit

> has recognized that it is a lawyer's general duty to advise a defendant concerning acceptance of a plea bargain. Giving adequate advice should usually include, of course, providing information about the strengths and weaknesses of the case against the

> defendant, as well as the alternative sentences to which he will most likely be exposed. Because counsel must avoid both failing to give advice and coercing a plea, counsel's conclusion as to how best to advise a client . . . enjoys a wide range of reasonableness. But a defense counsel's performance is unreasonable when it is so deficient that it falls outside the wide range of professionally competent assistance.

Id. (citation omitted). "[R]easonable professional conduct does not under all circumstances require a lawyer to give an explicit opinion as to whether a client should take a plea offer." Purdy, 208 F.3d at 48. When rendering advice, counsel "may take into account, among other factors, . . . whether the defendant has maintained his innocence." Id. at 45.

Ortiz has failed to show that his attorney failed to provide him with the quality of representation that is constitutionally required. Ortiz was advised in advance of trial of the nature and strength of the Government's evidence against him. In a reverse proffer session, Ortiz and his Counsel simultaneously received an outline of the Government's trial evidence.

Ortiz does not dispute that he was fully informed of the plea offer extended to him in advance of trial. He was present in the meeting with the Government where the Government tendered that offer. He was also present in Court at a pre-trial conference when the Government and his Counsel engaged in a colloquy with the Court about the terms of that offer. Ortiz

does not identify any complexity in the terms of that offer which required further explication.

Finally, Ortiz does not deny that he discussed the possibility of entering a plea on several occasions with his Counsel, but made the decision to proceed to trial because he maintained his innocence. Thus, he has also failed to establish that he was prejudiced in connection with the assertions made in this petition.

**CONCLUSION**

Ortiz's February 24, 2015 petition is denied. In addition, a certificate of appealability shall be not granted. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
September 24, 2015

Denise Cote
DENISE COTE
United States District Judge

COPIES SENT TO

Miguel Ortiz
65421-054
FCI Danbury
Route 37
Danbury, CT 06811